UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBRAHIM ABDULMALEK ABDU GHABESHA,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2244

Honorable Hala Y. Jarbou

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[1]

**I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or require Respondents to provide Petition with a "prompt written custody review and constitutionally adequate hearing." (Pet., ECF No. 1, PageID.13.) In an order entered on August 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not

[1] Because the Court will dismiss Petitioner's petition without prejudice as set forth herein, Petitioner's motion seeking emergency relief (ECF No. 2) is moot.

be granted. (Order, ECF No. 5.) Respondents filed their response on August 10, 2026, (ECF No. 6), and Petitioner filed a reply on August 13, 2026, (ECF No. 7).

## II. Relevant Factual Background

This is Petitioner's fourth petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Ghabesha v. Dunbar* (*Ghabesha I*), No. 1:26-cv-795 (W.D. Mich. Mar. 23, 2026); *Ghabesha v. Raycraft* (*Ghabesha II*), No. 1:26-cv-1351 (W.D. Mich. 2026 May 8, 2026); *Ghabesha v. Dunbar* (*Ghabesha III*), No. 1:26-cv-1921, 2026 WL 2122856 (W.D. Mich. 2026 July 23, 2026). Most recently, in *Ghabesha III*, Petitioner claimed that his detention had become unreasonably prolonged and that he should be provided with a new bond hearing because there had been a material change in circumstances. *See Ghabesha III*, 2026 WL 2122856, at *3. On July 23, 2026, this Court dismissed Petitioner's petition without prejudice for failure to exhaust administrative remedies because, while Petitioner claimed that the circumstances had materially changed, Petitioner did not contend that he pursued his administrative remedies under 8 C.F.R. § 1003.19(e) by seeking a custody redetermination hearing in Immigration Court based on materially changed circumstances. *Id.*

On July 23, 2026, Petitioner also filed a "written renewed bond and custody motion" in the Immigration Court. (Pet., ECF No. 1, PageID.6.) That motion "remains unresolved" and has not yet been scheduled for hearing or decided. (*Id.*)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Discussion**

In the present action, which Petitioner filed on August 4, 2026, Petitioner raises the same claims for relief previously set forth in *Ghabesha III*. However, here, Petitioner now states that he has filed a renewed bond and custody motion in Immigration Court on July 23, 2026.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (quoting *McKart v. United States,* 395 U.S. 185, 193 (1969)). It "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in *Pozo*)).

Petitioner has not yet used all administrative steps available to him. Petitioner acknowledges that the Immigration Court has not yet addressed his motion for a custody redetermination based upon materially changed circumstances, stating in his petition that "[n]o hearing has been scheduled and no decision has issued." (Pet., ECF No. 1, PageID.2.) Therefore, for the same reasons discussed by the Court in detail in *Ghabesha III*, the Court will dismiss Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 25, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE