UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBRAHIM ABDULMALEK ABDU GHABESHA,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2244

Honorable Hala Y. Jarbou

# **ORDER**

This is an action for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by a United States Immigration and Customs Enforcement (ICE) detainee. (Pet., ECF No. 1.) On August 25, 2026, the Court entered an opinion and judgment (ECF Nos. 8, 9) dismissing Petitioner's § 2241 petition without prejudice because Petitioner had not exhausted his available administrative remedies. This matter is now before the Court on Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), to reopen the case, and for leave to supplement the petition. (ECF No. 10.)

A Rule 60(b) motion to alter or amend judgment may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). When none of the first five enumerated examples of Rule 60(b) apply, relief is

available only when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Nothing in Plaintiff's motion suggests that the first five subsections apply. Moreover, relief under Rule 60(b)(6) is available "'only in exceptional or extraordinary circumstances which are not addressed by the [other] five numbered clauses of the Rule,' and 'only as a means to achieve substantial justice.'" *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Furthermore, Rule 60(b)(6) should apply only in those "unusual and extreme circumstances where principles of equity *mandate* relief." *Id.* (emphasis in original).

For the reasons previously set forth in the Court's August 25, 2026, opinion, Petitioner has not demonstrated that any of the foregoing circumstances apply and, therefore, is not entitled to relief.

Petitioner also asks the Court to reopen this case based upon developments after the Court's August 25, 2026, opinion and judgment. Although Petitioner is free to raise a new challenge concerning the constitutionality of his confinement, the claims presented by Petitioner's motion were not raised in Petitioner's § 2241 petition and are not properly before the Court in this closed case.[1]

Accordingly,

---

[1] In his motion, Petitioner claims that the Court dismissed Petitioner's § 2241 petition solely because the Immigration Court had not yet ruled on Petitioner's July 23, 2026, custody redetermination request. (ECF No. 10, PageID.156.) That was not the nature of the Court's decision. The Court dismissed Petitioner's petition because "Petitioner ha[d] not yet used all administrative steps available to him." (Op., ECF No. 8, PageID.154.) Petitioner's motion suggests that is still the case.

**IT IS ORDERED** that Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), to reopen the case, and for leave to supplement the petition (ECF No. 10) is **DENIED WITHOUT PREJUDICE.**

Dated: October 26, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE